UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARP, a District of Columbia Corporation,

    Plaintiff,

vs.                                           Case No. 3:03-cv-1033-J-99MCR

KRAMER LEAD MARKETING GROUP, a
Texas corporation, CHOICEPOINT, INC., a
Georgia corporation, and ALLYN KRAMER, an
individual,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 164) filed March 18, 2005. Defendants filed a response in opposition on April 13, 2005. (Doc. 189). Accordingly, the matter is ripe for judicial review.[1]

### I. BACKGROUND

On December 5, 2003, Plaintiff filed an action alleging violations of the Lanham Act as well as Florida statutory and common laws. (Doc. 1). The complaint alleges Defendants improperly utilized the AARP name in mailers or lead cards Defendants sent to consumers. Defendants sell the mailers to third parties who use them to advertise their own products and services. Plaintiff alleges the mailers cause confusion

---

[1] On April 15, 2005, Plaintiff filed a Motion for Leave to File Reply in Support of Motion to Compel (Doc. 192). The Court has reviewed the Reply Brief and finds that Plaintiff's Motion for Leave to File the Reply is due to be granted.

and that individuals who received the mailers believed they came from AARP and/or that the third parties associated with the mailers were endorsed by AARP.

The discovery period in this case has been extremely contentious. Indeed, the instant Motion marks the twelfth motion to compel ruled upon by the Court. In this Motion, Plaintiff seeks an Order compelling Defendants to produce more complete responses to its eighth and ninth requests for production of documents and its ninth interrogatories. (Doc. 164).

## II. DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant motion, Plaintiff claims that many of Defendants' responses to its Eighth and Ninth Requests for Production of Documents and its Interrogatory No. 17 are deficient. The Court will address each of Plaintiff's contentions separately.

### A. Plaintiff's Eighth Request for Production of Documents

Plaintiff alleges that Defendants have not adequately responded to its Eighth Request for Production of Documents. Plaintiff has divided its requests by categories of documents sought. The Court will do the same in addressing Plaintiff's contentions.

#### 1. James Howard & Associates

Plaintiff's Request No. 407 seeks documents sent to or received from James Howard & Associates including documents in connection to the preparation of Defendant List Source, Inc., d/b/a Kramer Lead Marketing Group or Defendant Allyn Kramer. In its Reply Brief, Plaintiff withdraws its Motion to Compel as it relates to Request No. 407.

#### 2. Mailing Lists

Plaintiff's Requests Nos. 408-410 seek documents that Defendants sent to or received from Experian, Knowledge Based Marketing or Info USA concerning the renting of mailing lists. Plaintiff limited these requests to lists for use in connection with lead cards containing AARP. Defendants object to these requests on the grounds they are vague, unduly burdensome, overbroad, do not seek relevant information and mischaracterize deposition testimony. Defendants further claim that these requests are duplicative of Plaintiff's earlier Request No. 330 which sought all documents sent to any third-party printing or mailing service. The Court ordered Defendants to produce

responsive documents to Request No. 330 no later than April 15, 2005.  Although Requests Nos. 408-410 are somewhat duplicative in that they too seek documents Defendants sent to mailing services, Requests Nos. 408-410 are more comprehensive and the Court will not deny Plaintiff's Motion to Compel on this basis.

Similarly, the Court does not agree with Defendant's contentions that this information is not relevant to the instant litigation.  The Court, however, does agree that Plaintiff should have agreed to put a time limit to its request.  In its Reply Brief, Plaintiff states that the instant Motion to Compel was filed prior to the Court's April 6, 2005 Order regarding time limits and Plaintiff agrees to limit these requests to the four year period prior to the filing of the Complaint. The Court finds this time limit reasonable and accordingly, orders Defendants to produce documents they sent to or received from Experian, Knowledge Based Marketing or Info USA regarding the renting of mailing lists for the years 1999 to the present.  These documents should be produced no later than **May 10, 2005**.  Defendants remaining objections are without merit.

### 3. Sketches and Drawings of Lead Cards

Plaintiff's Request No. 422 seeks "[a]ll sketches, drawings, layouts and revisions of lead cards containing the term AARP.  Defendants claim they have already produced all responsive documents and Plaintiff agrees to withdraw its Motion to Compel a response to Request No. 422.

### 4. Client File Relating to the Purchase of Lead Cards

In its Requests Nos. 419 and 420, Plaintiff seeks all documents and emails regarding the purchase of lead cards containing AARP or client approval of such cards.

Defendants object to these requests on numerous grounds.  First, they claim the requests are overbroad and unduly burdensome because they do not contain any time limitation.  Plaintiff responded in its Reply Brief that it filed the Motion to Compel prior to the Court's Order regarding time limitations and accordingly, Plaintiff now agrees to limit these requests to four years prior to the filing of the Complaint in this case.

Defendants also complain that these requests are duplicative of Plaintiff's Request No. 1 which sought all documents referring to AARP.  While it is true that any documents responsive to Requests Nos. 419 and 420 would also be responsive to Request No. 1, the Court understands why Plaintiff might feel the need to provide Defendants with more specific requests.  Defendants claim they have already produced responsive documents.  Accordingly, Plaintiff's Motion to Compel responses to Requests Nos. 419 and 420 is denied and if they have not done so already, Defendants are ordered to provide a revised response to these requests indicating they have already produced responsive documents.

### 5.     Documents Containing a Brand Name Other than AARP

Plaintiff's Request No. 414 seeks "[a]ll lead cards sold, mailed or created by Defendants that contain the brand name of a third party other than AARP or Defendants' client."  Defendants objected to this request on the grounds that it sought irrelevant information, was vague, unduly burdensome, overbroad and harassing.  Defendants' failed to address this request in their response to the Motion to Compel.  Therefore, the Court will grant Plaintiff's Motion to Compel insofar as it relates to

Request No. 414. Defendants are instructed to produce responsive documents from 1999 to the present no later than **May 10, 2005**.

### 6. Notes that Refer to Written Publications of AARP

In its Request No. 412, Plaintiff seeks "[a]ll notes that refer or relate to any written publications of AARP." Defendants object for numerous reasons but state that they have produced all responsive, non-privileged documents in their possession. Defendants claim they are amending their response to this request to reflect that they have already produced all responsive documents and will be producing a privilege log. Accordingly, Plaintiff's Motion to Compel with respect to Request No. 412 is denied.

### 7. Documents Defendants Have but Refuse to Produce

Defendants have responded to Plaintiff's Requests Nos. 411, 415-418, 421, 423-425 that they will produce all responsive, non-privileged, non-objectionable documents in their possession, custody or control for the last five years. According to Plaintiff, Defendants have not yet produced these documents with respect to Requests Nos. 411, 421, 423, 424, and 425. Plaintiff states that it is withdrawing its Motion as it relates to Request Nos. 415-418 and that it will withdraw its Motion on the remaining requests if "Defendants amend their responses to state that all such documents have been produced." Accordingly, to the extent Defendants have not produced all documents, they are instructed to do so no later than **May 10, 2005**. Defendants are likewise instructed to serve Plaintiff with a revised response to Plaintiff's discovery no later than **May 10, 2005**.

## B.     Plaintiff's Interrogatory No. 17

This interrogatory asks Defendants to identify two hundred and fifty-six different lead cards and to indicate (1) whether Defendants sold the lead card, (2) identify the date the lead card was created, (3) identify the date the lead card was first sold, (4) identify the date the lead card was first mailed to potential prospects on behalf of Defendants' customers, (5) identify the date the lead card was last sold, (6) state whether Defendants are currently selling the lead card and (7) identify and produce all documents, e-mails and things that Defendants consulted, referred to or relied upon to provide any information requested in Interrogatory No. 17.  Defendants object to this interrogatory because they claim Plaintiff has exceeded the twenty-five limit on interrogatories imposed by the Middle District and Rule 33 of the Federal Rules of Civil Procedure.  Defendants also argue that Interrogatory No. 17 is overly broad and unduly burdensome because it does not contain a time limitation and because it requests seven responses for two hundred and fifty-six different cards.

Defendants assert that they have re-counted the interrogatory requests by Plaintiff and believe Plaintiff has served at least thirty-eight interrogatories, including subparts "as of the issuance of Interrogatory No. 17."  (Doc. 189).  Plaintiff points out in its Reply Brief that many of the interrogatories counted by Defendants were not actually responded to by Defendants.  Defendants did not attach copies of all of Plaintiff's interrogatories to their response, however, based on Defendants' representations and Plaintiff's assertions regarding the interrogatories responded to by Defendants, the Court concludes that Defendants have responded to twenty-one interrogatories thus far.

Additionally, Plaintiff has satisfied the Court that the information sought in Interrogatory No. 17 is extremely important to the instant case. Defendants have repeatedly referred to their laches defense and the responses to this interrogatory will provide Plaintiff with a much clearer picture of that defense. The Court cannot conceive of a more efficient and less expensive manner for Plaintiff to obtain this information. Accordingly, the Court will allow Plaintiff to exceed the twenty-five limit on the number of interrogatories propounded and require Defendants to provide a response to this interrogatory. The Court will hold Plaintiff to its offer to withdraw any pending interrogatories to which Defendants have not yet responded.

The Court understands Defendants complaint that this interrogatory will require them to undergo some burden, however, given the importance of this information and the inability for Plaintiff to obtain this information from less burdensome means, the Court will require Defendants to respond. The Court does agree with Defendants that the first subpart of Interrogatory No. 17 is duplicative of Plaintiff's Second Requests for Admissions which required Defendants to identify whether they sold, designed or created various lead cards. Accordingly, to the extent they have already provided Plaintiff with information regarding whether they have sold a lead card, Defendants are not required to respond to subpart 1 of Interrogatory No. 17. Defendants should provide their substantive responses to the remaining portions of this interrogatory no later than **May 10, 2005**.

### C.     Plaintiff's Ninth Request for Production of Documents

Plaintiff also seeks documents responsive to several requests in its Ninth Request for Production of Documents.

#### 1.     Pennsylvania Estate Planning Lawsuit Documents

Plaintiff's Requests Nos. 426-440 seek documents related to certain individuals and companies involved in a court action in Pennsylvania.  The requests seek documents and emails sent from or received by Defendants and the other individuals concerning any lead cards or mailers containing AARP.  Defendants claim that these requests are vague, overbroad and unduly burdensome because Plaintiff did not limit the requests by time or by scope.  In its Reply Brief, Plaintiff again explained that it filed the instant Motion to Compel prior to receiving the Court's Order requiring them to include time limitations in their requests.  Plaintiff's Reply Brief indicates all of these requests are limited to four years prior to the filing of the Complaint.

As to the scope, Defendants claim that the requests should be limited to only those lead cards containing AARP that were made or distributed by Defendants.  The Court believes this limitation is reasonable and therefore, will only require Defendants to produce documents sent to or received from the individuals listed in the requests concerning lead cards made or distributed by Defendants and referring to AARP from 1999 to the present.  These documents shall be produced no later than **May 10, 2005**.

The Court finds Defendants' remaining objections without merit.

### 2.     AARP Customer Complaint Documents

Plaintiff's Requests Nos. 490-497 seek documents related to certain entities and individuals about whom Plaintiff claims it has received complaints.  Again, Defendants object because the requests do not contain any time limitations.  Plaintiff claims that no time limitation should be imposed on these requests because they may show Defendants' knowledge of AARP's objections to their use of AARP's name.  The Court believes that some time limitation is required to assist Defendants in conducting a search of their records and to prevent the requests from being unduly burdensome.  However, the Court understands Plaintiff's contention that there may be very relevant evidence from an earlier time period addressing Defendant's laches defense.  Accordingly, the Court will require Defendants to produce responsive documents going back to 1995.

Defendants also claim that the requests should be limited so that Plaintiff only seeks documents regarding lead cards containing AARP made or distributed by Defendants.  Again, the Court finds this limitation reasonable and will adopt it.

Defendants are ordered to produce the responsive documentation and a privilege log, if necessary, no later than **May 10, 2005**.

### III.  **CONCLUSION**

As the Court has indicated in previous Orders, the issue of sanctions pursuant to Rule 37 will be addressed in all motions to compel.  With respect to the instant Motion, the Court believes an award of expenses is not appropriate.  Many of Defendants' objections have been sustained, however, it was necessary for Plaintiff to file the Motion

to Compel in order to get Defendants to produce any documents.  Accordingly, no expenses will be awarded in connection with the instant Motion to Compel.  After due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Compel (Doc. 164) is **GRANTED in part and DENIED in part** as stated in the body of this Order.

2. Plaintiff's Motion for Leave to file a Reply in Support of Motion to Compel (Doc. 192) is **GRANTED**.  The Clerk shall file the Reply Brief attached as an exhibit to the Motion for Leave to File (Doc. 192).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  29th  day of April, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record