UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARP, a District of Columbia Corporation,

    Plaintiff,

vs.                                                          Case No.  3:03-cv-1033-J-99MCR

KRAMER LEAD MARKETING GROUP, a
Texas corporation, CHOICEPOINT, INC., a
Georgia corporation, and ALLYN KRAMER, an
individual,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Responses to Plaintiff's Eleventh Request for Production (Doc. 204) filed April 28, 2005.  Defendants filed a response in opposition on May 12, 2005.  (Doc. 222).  Both parties filed motions seeking to file reply and sur-reply briefs.  (Docs. 227 and 238).[1]  Accordingly, the matter is ripe for judicial review.

### I. BACKGROUND

On December 5, 2003, Plaintiff filed an action alleging violations of the Lanham Act as well as Florida statutory and common laws.  (Doc. 1).  The complaint alleges Defendants improperly utilized the AARP name in mailers or lead cards Defendants sent to consumers.  Defendants sell the mailers to third parties who use them to

---

[1] The Court reviewed both the Reply and Sur-Reply briefs.  Accordingly, the parties' motions to file these briefs (Docs. 226 and 238) will be granted.

advertise their own products and services. Plaintiff alleges the mailers cause confusion and that individuals who received the mailers believed they came from AARP and/or that the third parties associated with the mailers were endorsed by AARP.

In the instant Motion, Plaintiff seeks an Order compelling Defendants to produce responses to its Eleventh Request for Production of Documents. (Doc. 222). However, after the Court required the parties to meet and confer regarding their pending motions to compel, Plaintiff reported that the parties had been able to resolve their disputes regarding Defendants' responses to all of the requests except Request No. 597. (Doc. 256).

## II. **DISCUSSION**

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion

requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant motion, the parties only dispute Defendants' response to Plaintiff's Request No. 597, which sought "[a]ll documents and e-mails concerning any person who has mailed in a lead card sent by Defendants containing "AARP" requesting information or materials and who also has or may have had their Identity or personal information stolen from Defendant ChoicePoint's computer system or data files." (Doc. 204, p.11). Defendants objected to this request on the grounds that it did not seek relevant information, was unduly burdensome and overly broad. Specifically, Defendants argued that they could:

> not understand how documents pertaining to information theft of individuals that at some point in time mailed in a lead card containing the term "AARP" have any connection or relevance whatsoever to the trademark infringement and related claims that are the sole issues in this litigation.

(Doc. 222, p.7). Additionally, Defendants claim the request is overbroad and unduly burdensome because it would require them to search through "millions of records." (Doc. 222, p.8).

Plaintiff responds that the documents it seeks are relevant because the individuals who responded to lead cards referencing AARP and then had their identities stolen will be angry with AARP and thus, AARP's goodwill and reputation will suffer. (Doc. 227, p.3). Defendants respond that whether an individual blames AARP for having his/her identity stolen is not relevant to the Lanham Act and related claims in this case and the Court agrees. The Court does not believe the information requested in

Request No. 597 will lead to the discovery of admissible evidence and is not relevant to the instant litigation. Accordingly, Plaintiff's Motion to Compel a response to its Request No. 597 is denied.

### III. CONCLUSION

In light of the parties ability to resolve most of the disputes at issue, the Court believes no sanctions should be imposed as a result of the instant Motion to Compel.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Compel Responses to Plaintiff's Eleventh Request for Production (Doc. 204) is **DENIED**.

2. The parties' motions to file a Reply and Sur-Reply brief (Docs. 226 and 238) are **GRANTED**. The Clerk is directed to file the brief attached as Exhibit A to Defendants' Motion for Leave to File a Sur-Reply (Doc. 238).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  1st  day of June, 2005.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record