UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARP, a District of Columbia Corporation,

       Plaintiff,

vs.                           Case No.  3:03-cv-1033-J-99MCR

KRAMER LEAD MARKETING GROUP, a
Texas corporation, CHOICEPOINT, INC., a
Georgia corporation, and ALLYN KRAMER, an
individual,

       Defendants.

_____/

# O R D E R

     **THIS CAUSE** is before the Court on Defendants' Motion to Compel (Doc. 211)

filed April 29, 2005.  Plaintiff filed a response in opposition on May 13, 2005.  (Doc.

225).  Accordingly, the matter is ripe for judicial review.

## I.  BACKGROUND

     On December 5, 2003, Plaintiff filed an action alleging violations of the Lanham

Act as well as Florida statutory and common laws.  (Doc. 1).  The complaint alleges

Defendants improperly utilized the AARP name in mailers or lead cards Defendants

sent to consumers.  Defendants sell the mailers to third parties who use them to

advertise their own products and services.  Plaintiff alleges the mailers cause confusion

and that individuals who received the mailers believed they came from AARP and/or

that the third parties associated with the mailers were endorsed by AARP.

## II. <u>DISCUSSION</u>

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  <u>See</u> <u>Commercial Union Ins. Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  <u>See</u> <u>Westrope</u>, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  <u>See</u> <u>United States v. Proctor & Gamble Co.</u>, 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant Motion, Defendants seek an Order compelling Plaintiff to provide more complete responses to several of its requests for admissions and to produce documents in response to its Document Request No. 101.  (Doc. 211).  Specifically, Defendants claim Plaintiff's responses to Requests Nos. 15 and 17-22 are deficient.  These requests ask Plaintiff to admit that it does not have any documents relating to three main categories: (1) documents showing a diversion of business from Plaintiff's licensees, (2) documents showing a lessening of Plaintiff's royalties as a result of Defendants' activities and (3) documents regarding Plaintiff's communications  with

-2-

Defendant, Allyn Kramer or KLMG.  (Doc. 211, p.3).  In addition, Defendants' Request

for Production, No. 101 asks Plaintiff to produce any documents supporting a denial of

any of the Requests for Admissions.  Defendants complain that Plaintiff denied many of

these requests but then failed to produce any documents as required by Request No.

101.  Defendants believe this failure by Plaintiff shows that Plaintiff has "made no

inquiry into any documents upon which it could legitimately base a denial."  (Doc. 211,

p.3).

Plaintiff responds that its responses to Defendants' discovery requests are

proper.  First, Defendants' Requests for Admissions Nos. 15, 18 and 22 ask Plaintiff to

admit that it has no documents showing a diversion of sales, lost profits from royalties or

a decline in royalties.  Plaintiff denied these requests.  Plaintiff states that it believes

Defendants' conduct has caused lost sales, however admits that it cannot quantify the

amount of lost sales.  (Doc. 225).  Plaintiff further states that it has produced all

documents that it believes support its denials, "including documents showing that the

parties are direct competitors in the insurance market and that millions of senior citizens

believe Defendants' lead cards come from Plaintiff, and that Defendants' customers are

associated with Plaintiff."  (Doc. 225, p.2).  As such, the Court agrees that Plaintiff's

response to these requests for admissions are proper.

Plaintiff also claims it properly denied Defendants' Request for Admission

regarding documents showing it notified Defendants of any actions by Defendants'

customers that Plaintiff believed constituted an infringement of Plaintiff's rights in the

AARP mark.  Plaintiff claims it produced many documents showing that it so notified

Defendants, including documents regarding its national educational campaign for seniors, various articles and documents surrounding the litigation against Defendants' customers.  (Doc. 225, p.3).  Plaintiff argues that "Defendants may disagree with the inference that Plaintiff draws from the record evidence, but that does not mean that Plaintiff's denial is improper."  The Court agrees.  Plaintiff believes these documents support its contention that it notified Defendants of infringing actions by Defendants' customers.  Defendants are free to refute Plaintiff's interpretation of the documents.  In any event, the Court finds Plaintiff's responses to these requests for admissions to be proper.

Defendants' Requests Nos. 19 and 20 ask Plaintiff to admit that it produced all of its documents regarding notification to Defendants that Plaintiff objected to Defendants conduct and all documents relating to letters sent to Kramer Lead Marketing Group. Plaintiff responded by claiming it "made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny the request." (Doc. 225, p.4).  Plaintiff claims that based on the sheer volume of documents it possesses as well as the 100,000 documents belatedly produced by Defendants, it cannot admit it produced all such documents.  Given that discovery closed April 29, 2005, the Court will require Plaintiff to either admit or deny this request.  Should Plaintiff locate further documents, it obviously is required to produce it, however, at this time, Plaintiff should be able to admit it has produced all such documents within its custody or control.  Plaintiff is directed to serve Defendants with a revised response to Requests for Admission Nos. 19 and 20 no later than **Monday, June 13, 2005**.

Defendants' Request No. 21 asks Plaintiff to admit that it "has no record of complaints from any of its endorsed providers, from 1994 to the present, relating to Defendants' accused activities." (Doc. 211, p.7). Plaintiff denied this request but produced no documents. Plaintiff claims that one of its witnesses, Ms. Hurme, testified that she knew of complaints by Plaintiff's licensee regarding Defendants' conduct but Plaintiff admits it has no documents relating to these complaints. Based on Plaintiff's representations, the Court finds Plaintiff's response to this request for admission to be proper.

Finally, as for Defendants' contention that Plaintiff has failed to produce documents responsive to its Request for Documents, No. 101, Plaintiff states that it has produced all responsive documents of which it has actual knowledge. (Doc. 225, p.7). Accordingly, Defendants' Motion to Compel with respect to this request is denied. The parties shall bear their own costs associated with this motion.

After due consideration, it is

**ORDERED**:

Defendants' Motion to Compel (Doc. 211) is **GRANTED in part and DENIED in part** as stated in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  7th  day of June, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record