UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARP, a District of Columbia Corporation,

    Plaintiff,

vs.                                                 Case No.  3:03-cv-1033-J-99MCR

KRAMER LEAD MARKETING GROUP, a
Texas corporation, CHOICEPOINT, INC., a
Georgia corporation, and ALLYN KRAMER, an
individual,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Compel (Doc. 203) filed April 27, 2005. Plaintiff filed a response in opposition on May 11, 2005. (Doc. 218). However, after determining the parties were again filing motions to compel without first meeting to discuss the discovery disputes, the Court ordered the parties to meet and discuss all pending motions to compel and file notices with the Court regarding the outcome of their discussions. On June 15, 2005, the parties filed their notices indicating they had resolved many of the issues in the instant motion. (Docs. 279 and 280). Accordingly, the Court will only address the requests indicated in the notices as still at issue.

## **I. BACKGROUND**

On December 5, 2003, Plaintiff filed an action alleging violations of the Lanham Act as well as Florida statutory and common laws. (Doc. 1). The complaint alleges

-1-

Defendants improperly utilized the AARP name in mailers or lead cards Defendants sent to consumers.  Defendants sell the mailers to third parties who use them to advertise their own products and services.  Plaintiff alleges the mailers cause confusion and that individuals who received the mailers believed they came from AARP and/or that the third parties associated with the mailers were endorsed by AARP.

## II.  **DISCUSSION**

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant motion, Defendants claim that many of Plaintiff's responses to their First Request for Production of Documents are deficient.  The Court will address each of Defendants' contentions separately.

### A. Request No. 16

This request seeks "[a]ll documents relating to the allegation in Paragraph 13 of the Complaint that Plaintiff's 'approved and endorsed providers have spent enormous sums of money promoting products and services under the Plaintiff's marks.'" (Doc. 203, p.13). Plaintiff objects to this request on the grounds that it is unduly burdensome, overbroad and harassing. (Doc. 279, p.4). Plaintiff further asserts that responsive documents are in the possession, custody or control of third-parties: Plaintiff's endorsed providers. Id. Defendants do not respond to this argument by Plaintiff.

The Court cannot order a party to produce documents outside its possession, custody or control. Accordingly, the Court will not order Plaintiff to obtain documents from a third party, however, the Court will require Plaintiff to revise its response to this request to state that it has no responsive documents in its possession, custody or control. Additionally, Plaintiff is warned that should it desire to present any documentation to support this claim in its Complaint, it may be prohibited from doing so for failure to produce such documentation during discovery. Therefore, Plaintiff is instructed to either produce responsive documents or revise its response to this request no later than **Tuesday, July 5, 2005**.

### B. Request No. 53

Defendants' Request No. 53 seeks "[a]ll documents relating to all trademarks registered by or associated with Plaintiff's products, goods, publication and/or services." (Doc. 203, p.6). Defendants assert that they narrowed this request to "documents sufficient to identify mailings, postcards or lead cards." (Doc. 203, p.6). Plaintiff objects

that even the narrowed request is overly broad in that it is not limited as to time, the trademarks involved or the goods and services involved. (Doc. 218, p.2). Plaintiff also argues that it cannot make sense of the narrowed request because it is "extremely ambiguous." (Doc. 218, p.2). The Court agrees with both objections. The narrowed request is overly broad. Additionally, the Court cannot discern from the narrowed request or Defendants' motion, the documents Defendants seek in this request. As the Court will not engage in speculation, the Court cannot craft a more narrowly tailored request and Defendants' Motion to Compel a more complete response to this request is denied.

### C.    Requests Nos. 60 and 61

These requests seek "[a]ll documents relating to any third-party uses of Plaintiff's Designation or any variation thereof of which Plaintiff is aware" and "[a]ll documents relating to any instances where Plaintiff has prevented or attempted to prevent a third-party use of Plaintiff's designation." (Doc. 203, p.7). Defendants basically quarrel over Plaintiff's claim that it searched the offices of McDermott Will & Emery because Plaintiff has not asserted that it searched "all offices that could contain responsive documents." The Court is confident that counsel for Plaintiff will (to the extent they have not already) engage in a diligent search for any responsive documents, including any office that could possibly contain responsive documents. Accordingly, Defendants' request for a more complete response to this request is denied.

### D. Requests Nos. 65 and 66

These requests seek documents relating to third parties that use, manufacture, sell and/or distribute goods or services bearing the AARP mark and documents relating to Plaintiff's procedure for licensing its name and trademarks. (Doc. 203, p.9). Plaintiff objected to these requests on the grounds they were overly broad and unduly burdensome. (Doc. 218, pp.5-7). Plaintiff explains that producing all documents relating to the licensing of their mark would entail the production of millions of documents. (Doc. 218, p.5). Plaintiff asserts that it is producing its license agreements "with significant endorsed providers as well as agreements between AARP and ASI relating to the AARP mark." (Doc. 279, p.3). Defendants, however, maintain that they are entitled to all responsive documents.

The Court believes Plaintiff has shown that responding to these requests in their entirety would be unduly burdensome. Accordingly, the Court will deny Defendants' Motion to Compel insofar as it relates to these two requests. Having said this, the Court instructs Plaintiff, to the extent it has not done so already, to produce the documents it agreed to produce no later than **Tuesday, July 5, 2005**.

### E. Request No. 67

Request No. 67 seeks "[a]ll documents relating to mailings that utilize or are associated with Plaintiff's names, symbols or trademarks." (Doc. 203, p.10). Plaintiff objects to this request on the grounds that it is overly broad because it contains no limitations as to time, the marks at issue or the goods and services involved. (Doc. 279, p.3). Plaintiff also claims that responding to this request would be unduly burdensome.

Again, the Court believes the request is overly broad and the Court is not able to draft a more narrow request. Accordingly, Defendants' Motion to Compel a more complete response to this request is denied.

### F.    Request No. 71

Defendants do not quote Request No. 71 in their Motion to Compel and did not attach a copy of the requests to the motion.[1] However, in reviewing the argument in Defendants' Motion and Plaintiff's response, it appears Request No. 71 seeks Plaintiff's retention policies. Defendants complain that Plaintiff only produced its retention policies for 2004. Defendants ask that Plaintiff be required to produce its retention policies since 1994.

Plaintiff responds that it has produced its most recent retention policy and is currently searching for any earlier policies. (Doc. 218, p.7). Plaintiff asserts that it never refused to produce any document retention policies and that this dispute could have been resolved had Defendants met and conferred with Plaintiff before filing a motion to compel.

Clearly, the parties did not discuss this request at the most recent conference ordered by the Court. Plaintiff does not address Request No. 71 in its Notice to the Court. In any event, Plaintiff claimed back in May that it was searching for any earlier policies. Plaintiff is ordered to either produce those policies or certify that it cannot locate them no later than **Tuesday, July 5, 2005**.

---

[1] Defendants quote Request No. 70 in their Motion to Compel. (Doc. 203, p.11).

### G. Request No. 81

Request No. 81 asks Plaintiff to produce "[a]ll documents relating to any communications that state, compare or attempt to draw a connection between Plaintiff, its former or current directors, officers, employees or its goods and services and Kramer Lead Marketing Group, ChoicePoint, Inc., Allyn Kramer, their former or current directors, officers, employees or their goods and services." (Doc. 203, p.17). In their Notice to the Court, Defendants assert that because Plaintiff did not address Request No. 81 in its Notice to the Court, it must still object and therefore that request is still at issue. Again, it is clear that the parties did not discuss this Request as they were instructed to. In its response to the Motion to Compel, Plaintiff states that it "will promptly serve amended responses to request nos. 42-46 and 73 and 81. The amended responses will state that all responsive, non-privileged documents have been produced." (Doc. 218, p.9, n.1). The Court assumes Plaintiff has not yet served this amended response and accordingly, Plaintiff is ordered to do so no later than **Tuesday, July 5, 2005**.

### H. Request No. 86

This request seeks "[a]ll documents relating to any business plans or projections, revenue projections, cost projections and product plans or proposals as they relate to Plaintiff's Designation." (Doc. 203, p. 12). In the Motion, Defendants simply claim that Plaintiff must produce a Marketing Report referenced during the deposition of Plaintiff's 30(b)(6) representative, Mr. Schuster. Id. In response to the Motion to Compel, Plaintiff stated that it would produce the report. (Doc. 218, p.8). Apparently, Plaintiff has failed

to do so.  Plaintiff is ordered to produce the Marketing Report referenced in the deposition of Mr. Schuster no later than **Tuesday, July 5, 2005**.

After due consideration, it is

**ORDERED**:

Defendants' Motion to Compel (Doc. 203) is **GRANTED in part and DENIED in part** as stated in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  23rd  day of June, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

-8-