UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARP, a District of Columbia Corporation,

       Plaintiff,

vs.                            Case No.  3:03-cv-1033-J-99MCR

KRAMER LEAD MARKETING GROUP, a
Texas corporation, CHOICEPOINT, INC., a
Georgia corporation, and ALLYN KRAMER, an
individual,

       Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Compel Discovery on

Third Request for Production (Doc. 212) filed April 29, 2005.  Plaintiff filed a response in

opposition (Doc. 228) on May 13, 2005 and on May 19, 2005, Defendants filed a Motion

for Leave to File a Reply Brief[1] (Doc. 239).  However, after determining the parties were

again filing motions to compel without first meeting to discuss the discovery disputes,

the Court ordered the parties to meet and discuss all pending motions to compel and file

notices with the Court regarding the outcome of their discussions.  On June 15, 2005,

the parties filed their notices indicating they had resolved many of the issues in the

instant motion.  (Docs. 279 and 280).  Accordingly, the Court will only address the

requests indicated in the notices as still at issue.

---

[1]  The Court has reviewed the Reply and notes that it references requests that are still at
issue.   Accordingly, the Court will grant Defendants' Motion for Leave to File a Reply (Doc. 239).

## I. BACKGROUND

On December 5, 2003, Plaintiff filed an action alleging violations of the Lanham Act as well as Florida statutory and common laws.  (Doc. 1).  The complaint alleges Defendants improperly utilized the AARP name in mailers or lead cards Defendants sent to consumers.  Defendants sell the mailers to third parties who use them to advertise their own products and services.  Plaintiff alleges the mailers cause confusion and that individuals who received the mailers believed they came from AARP and/or that the third parties associated with the mailers were endorsed by AARP.

## II. DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant motion, Defendants claim that many of Plaintiff's responses to their Third Request for Production of Documents are deficient. The Court will address each of Defendants' contentions separately.

**A.    Requests Nos. 102 - 104**

These requests seek documents related to an IRS investigation which concluded in 1999 with a letter ruling by the IRS. (Doc. 212, pp.3-4). Plaintiff responds that the IRS investigation lasted six years and dealt with "an arcane tax issue," not trademark infringement and therefore is not relevant to this litigation. (Doc. 228, p.2). Additionally, Plaintiff claims there are hundreds of thousands of documents concerning the tax matter. Although Plaintiff claims the IRS investigation is not relevant, it has not carried its burden of showing that the investigation could not be relevant to any claim or defense in this case. The Court is concerned, however, that requiring Plaintiff to locate all documents associated with an investigation which began twelve years ago would be unduly burdensome. Accordingly, Plaintiff is required to turn over a copy of the private letter ruling by the IRS. Plaintiff shall produce this document no later than **Friday, July 22, 2005**.

**B.    Requests No. 105 - 106**

These requests seek surveys/studies disseminated by AARP to the public and samples of all press releases or communications distributed to the press regarding each survey/study commissioned by AARP from 1994 to the present. (Doc. 212, pp. 4-5). Plaintiff responds that it has produced many responsive documents but that much of the documentation sought by Defendants relates to topics which "have nothing to do with

this case." (Doc. 228, p.2).  Defendants respond that these surveys and any press releases regarding the studies are extremely relevant to the instant case because the lead cards at issue in the instant case referenced studies conducted by AARP and "Defendants have the same right as others to fairly use the AARP name in connection with an AARP report." (Doc. 212, p.5).

The Court believes Defendants have shown the documents sought in these requests would be relevant to the instant litigation and Plaintiff has failed to refute this showing or demonstrate sufficiently that it would be unduly burdensome for them to produce these documents.  Accordingly, Defendants' Motion to Compel with respect to these documents is granted.  Plaintiff shall produce all responsive documents no later than **Friday, July 22, 2005**.

### C.    Request No. 108

This request seeks a copy of the "AARP Membership Unit operations manual as identified by Sally Hurme at her deposition." (Doc. 212, p.5).  Plaintiff responded that it would produce any such manual if it existed and if Defendants would provide Plaintiff with a page reference as to where Ms. Hurme's so testified.  (Doc. 228, p.3).  In its Notice to the Court, Plaintiff further stated that it would produce "the AARP Membership Unit operations manual identified by Ms. Hurme." (Doc. 279, p.5).  Defendants allege that Plaintiff has failed to do so.  (Doc. 280, p.6).  To the extent Plaintiff has not done so already, Plaintiff is ordered to produce the AARP Membership Unit operations manual no later than **Friday, July 22, 2005**.

**D.      Request No. 112**

This request seeks the "mailing list or documents from which it may be determined all persons and businesses that received a copy of the AARP study entitled 'Where There's a Will' as identified by Sally Hurme." (Doc. 212, p.7).  Plaintiff objects to producing the mailing list because it claims it mailed this study to its members and the parties agreed not to seek each other's customer lists.  (Doc. 228, p.4).  This request should have been resolved by the parties.  The Court recalls the parties agreeing not to seek customer lists and will require Defendants to abide by that agreement. Accordingly, the Court will deny Defendants' Motion to Compel insofar as it deals with this request.

**E.      Requests Nos. 120 - 124**

These requests seek documents concerning Plaintiff's licensees and co-branders.  (Doc. 212, pp. 10-11).  Plaintiff claims these are the same types of documents Defendants sought pursuant to their Motion to compel filed January 15, 2005 and claims that because it is not seeking damages based on lost royalties, Plaintiff should not be compelled to produce these documents as they are not relevant and it would be unduly burdensome for Plaintiff to produce them.  (Doc. 228, p.6).  In their Reply brief, Defendants contend they have limited their requests regarding licensing agreements to "seven significant endorsed providers, each of which has at most two license agreements with Plaintiff."  (Doc. 239, p.2).  Defendants also allege the licensing agreements are relevant because they will show Plaintiff allows its licensees to seek contact information from individuals and then contact those individuals even though

Plaintiff now complains that Defendants engaged in unfair competition for similar conduct.  (Doc. 239, p.3).

The Court notes that Requests Nos. 120-124 seek many documents other than just the actual licensing agreements, however, Defendants have failed to provide the Court with any argument regarding those requests.  Instead, Defendants appear to simply seek copies of the licensing agreements for the "seven significant endorsed providers."  The Court believes Defendants have shown that the licensing agreements are relevant and now that the request is limited to seven specific providers, the Court is comfortable that it is not unduly burdensome for Plaintiff to produce these documents.  Accordingly, the Court will require Plaintiff to produce its licensing agreements with the seven specific providers indicated by Defendant no later than **Friday, July 22, 2005**.  As for the remaining documents sought in Requests Nos. 120-124, Defendants' Motion to Compel is denied.

### F.    Requests Nos. 125 - 127

These requests seek advertising submitted to AARP for approval, commercial mailers from co-branders or licensees and follow-up material sent to AARP members in response to a mailer from a co-brander or licensee of AARP from 1994 to the present. (Doc. 212, pp.11-12).  Plaintiff objected to these requests on the grounds that they are overly broad, unduly burdensome, harassing, seek irrelevant information and are vague and ambiguous.  Id.  Plaintiff further contends that it has sent many samples of mailings and lead cards to Defendants and that if Defendants seek further mailers, they can obtain Plaintiff's publications in the public domain.  (Doc. 228, pp. 7-8).

-6-

In their filings with the Court, the parties only address Defendants' request for mailers.  The Court agrees with Plaintiff that Defendants' request for all mailers from 1994 to the present is overly broad.  Because Defendants did not provide the Court with any means to limit the request, the Court will simply deny Defendants' Motion to Compel insofar as it relates to Requests Nos. 125-127.

G.    **Request No. 128**

Request No. 128 seeks "[a]ll complaint files held by ASI or AARP pertaining to New York Life agents, as identified by Sally Hurme on pages 146-47 of her deposition, dated September 16, 2004."  (Doc. 212, p.13).  Plaintiff objects that this request is unduly burdensome, harassing, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  Id.  Defendants argue that these documents must be produced because they were referenced by a 30(b)(6) representative during her deposition.  (Doc. 212, p. 14).  Plaintiff correctly points out that a 30(b)(6) witness simply referring to a document during her deposition does not automatically render that document relevant to the litigation at issue.  (Doc. 228, p.8).  Plaintiff further notes that the complaints noted in this request can address a variety of situations, such as the misspelling of a member's name.  Id.

The Court believes Plaintiff has adequately demonstrated this request is overbroad and Defendants have not shown otherwise.  Accordingly, the Court will deny Defendants' Motion as it relates to this request.

After due consideration, it is

**ORDERED**:

-7-

1.       Defendants' Motion to Compel Discovery on Third Request for Production

(Doc. 212) is **GRANTED in part and DENIED in part** as stated in the body of this

Order.

2.       Defendants' Motion for Leave to File a Reply (Doc. 239) is **GRANTED**.

The Clerk is directed to file the Reply brief attached as an exhibit to the Motion (Doc.

239).


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this   30th   day of

June, 2005.

*Monte C. Richardson*
_____
                    MONTE C. RICHARDSON
                    UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record