UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARP, a District of Columbia Corporation,

    Plaintiff,

vs.                                            Case No.  3:03-cv-1033-J-99MCR

KRAMER LEAD MARKETING GROUP, a
Texas corporation, CHOICEPOINT, INC., a
Georgia corporation, and ALLYN KRAMER, an
individual,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Compel Discovery (Doc. 231) filed May 13, 2005.  After determining the parties were again filing motions to compel without first meeting to discuss the discovery disputes, the Court ordered the parties to meet and discuss all pending motions to compel and file notices with the Court regarding the outcome of their discussions.  On June 10, 2005, Plaintiff filed a response in opposition (Doc. 273) indicating the parties were able to resolve many of the issues raised in the Motion to Compel.  On June 15, 2005, Defendants filed a notice also indicating the parties had resolved many of the issues in the instant motion.  (Doc. 280).  Accordingly, the Court will only address the requests indicated in the filings as still at issue.

## I. BACKGROUND

On December 5, 2003, Plaintiff filed an action alleging violations of the Lanham Act as well as Florida statutory and common laws. (Doc. 1). The complaint alleges Defendants improperly utilized the AARP name in mailers or lead cards Defendants sent to consumers. Defendants sell the mailers to third parties who use them to advertise their own products and services. Plaintiff alleges the mailers cause confusion and that individuals who received the mailers believed they came from AARP and/or that the third parties associated with the mailers were endorsed by AARP.

## II. DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant motion, Defendants seek production of documents they contend Plaintiff has intentionally and improperly withheld. (Doc. 231) Additionally, Defendants claim that Plaintiff has failed to produce a properly prepared 30(b)(6) representative to testify on seven specific topics.

### A.     Improperly Withheld Documents

Defendants contend Plaintiff has improperly withheld documents responsive to several of Defendants' discovery requests.[1]  The Court will address each of Defendants' contentions separately.

### 1.     Documents regarding "Clipping Services"

Defendants claim Plaintiff intentionally deceived Defendants regarding whether AARP ever subscribed to a clipping service. According to Defendants, counsel for Plaintiff originally stated that Plaintiff did not subscribe to such a service. However, at the deposition of one of Plaintiff's 30(b)(6) representatives, Defendants learned that Plaintiff did indeed subscribe to clipping services. (Doc. 231, pp.7-8). In response, Plaintiff asserts that it is producing responsive documents. (Doc. 273). Defendants, however, state that such a response is "unacceptable" and Plaintiff "should not be allowed to continue to leisurely search for and produce responsive documents on its own schedule." (Doc. 280, pp.2-3). The Court agrees that Plaintiff should produce

---

[1] Defendants also ask the Court to rule that Plaintiff cannot use many of these documents because it "improperly withheld the documents and misled Defendants about the documents existence." (Doc. 231, p.8). The Court will not impose such a sanction. There has been no showing that counsel for Plaintiff intentionally misled counsel for Defendants.

-3-

responsive documents immediately.  Plaintiff must produce all responsive documents no later than **July 22, 2005**.

### 2. **Trademark License Agreement Between AARP and Significant Endorsed Providers**

Defendants seek the license agreements between Plaintiff and the seven significant licensees.  The Court has recently ordered Plaintiff to produce these license agreements.  Accordingly, Defendants' Motion to Compel with respect to these documents is denied as moot.

### 3. **Agreements Between ASI and the Significant Endorsed Providers**

Defendants seek copies of the agreements between ASI, a for-profit wholly owned subsidiary of AARP, and the seven significant endorsed providers referenced by AARP's 30(b)(6) witness.  (Doc. 231, p.9).  Plaintiff responded to the Motion to Compel by stating that it would produce any responsive documents.  (Doc. 273, p.3).  According to Defendants, Plaintiff has failed to do so.  (Doc. 280, p.3).  Therefore, Defendants' Motion to Compel regarding these documents is granted.  Plaintiff shall produce responsive documents no later than **July 22, 2005**.

### 4. **The Master Agreement Between AARP and ASI Setting Out Standards of Marketing and Quality Control**

Defendants seek a copy of the master agreement between AARP and ASI referred to by AARP's 30(b)(6) representative, Michael Schuster.  (Doc. 231, p.10). Plaintiff responded that it would produce the document but has failed to do so.  (Docs.

273, 280). Accordingly, Defendants' Motion to Compel regarding these documents is granted. Plaintiff shall produce responsive documents no later than **July 22, 2005**.

### 5. Mailer Cards

Again, Plaintiff has agreed to produce the mailer cards sought by Defendants but according to Defendants, has failed to do so. Accordingly, the Court will order Plaintiff to produce all responsive documents no later than **July 22, 2005**.

### 6. Advertisement in AARP Magazine by Anita Salustro

Plaintiff contends it has produced this advertisement to Defendants. Defendants contend they cannot locate it. The Court accepts Plaintiff's representation that the document has been produced, however, will require Plaintiff to produce another copy so as to avoid further discussion on this topic. Plaintiff shall produce an additional copy of this document no later than **July 22, 2005**.

### 7. List of Third Parties Plaintiff Identified as "Misusing" the AARP Mark

Defendants seek the list of "misusers" of the AARP name from 1994 to 2002 compiled by Mr. Schuster. Plaintiff stated that it would produce the document but has failed to do so. Accordingly, the Court will order Plaintiff to produce all responsive documents no later than **July 22, 2005**.

### 8. Documents Relating to Legal Actions Affecting Trademark Rights

Again, Defendants object to Plaintiff's response that it is "in the process of producing and will produce responsive documents." (Doc. 273, pp.4-5). Plaintiff is ordered to produce responsive documents no later than **July 22, 2005**.

### B.     30(b)(6) Representative

Defendants also contend that Plaintiff has repeatedly failed to produce a properly prepared 30(b)(6) witness to testify regarding seven specific topics.  Specifically, Defendants claim that Plaintiff's witness, John Schuster, "refused or was unable to testify" about:

> products and publications that utilize the trademark (topic No. 3), third party uses (topic No. 5), instances were [sic] Plaintiff has allowed third-party uses (topic No. 7), third-parties that use Plaintiff's trademark (topic No. 9), related litigation actions (topic No. 16), trademark registrations (topic No. 23) and file searches (topic No. 25).

(Doc. 231, p.19).  Defendants further claim that Mr. Schuster's inability to testify as to topics 5, 7 and 9 is all the more objectionable because a few days before the deposition, counsel for Plaintiff informed counsel for Defendants that Mr. Schuster would testify as to third-party uses.  Id.

Plaintiff responds that it has complied with its obligations under Rule 30(b)(6).  Plaintiff contends that Mr. Schuster was not the designated witness to discuss topics 3, 5, 7, 9, 23 and 25.  (Doc. 273, p.5).  Instead, Plaintiff claims that Ms. Mika was the 30(b)(6) witness designated to discuss topics 3, 5, 7 and 9 and Ms. Hurme was the designated 30(b)(6) witness to discuss topics 23 and 25.  Id.  Mr. Schuster was the designee for topic 16 and Plaintiff contends he was fully prepared and testified about this topic.  Id.

In support of their claim regarding Mr. Schuster being designated to discuss third-party uses, Defendants cite to an email from counsel for Plaintiff.  That email confirms Mr. Schuster would be prepared to testify regarding third-party **misuses**.

-6-

(Doc. 231, Ex. P).  A brief review of Mr. Schuster's deposition transcript reveals that he was prepared to discuss third-party misuses of the AARP mark and was only designated as a 30(b)(6) witness with respect to topics 6, 8 and 16.  (Schuster depo. 9:19-25, 1; 13:14-18).  Only topic 16 is at issue today.  Topic 16 dealt with related litigation actions.  Defendants contend Mr. Schuster was not prepared to discuss this topic.  To support this contention, Defendants attached portions of Mr. Schuster's deposition.  The Court is not convinced Mr. Schuster was unprepared to testify regarding the topic of related litigation.  The transcript attached reveals that Mr. Schuster had not reviewed some files referenced by counsel for Defendants.  However, his testimony also reveals that Mr. Schuster had earlier testified about an antitrust matter.  (Schuster depo. 129:10-12).  Defendants have simply failed to present sufficient evidence for the Court to rule that Mr. Schuster was not adequately prepared for his deposition.

Additionally, Defendants argue that Sally Hurme was unprepared to testify during her 30(b)(6) depositions.  The Court has reviewed the transcript excerpts provided by Defendants.  These excerpts reveal that Ms. Hurme was unprepared to discuss communications between Plaintiff and Defendants (Hurme depo. 98-106), the day to day operations of ASI (Hurme depo. 157-58), people with knowledge about the allegations in the Complaint (Hurme depo. 178-83), and the exhibits attached to the Complaint (Hurme depo. 224-26).  None of these topics are the topics about which Defendants complain in the instant Motion to Compel.  Additionally, Defendants do not complain that Ms. Mika was unprepared to testify.  Accordingly, the Court does not

-7-

believe Defendants have satisfied their burden of showing that Plaintiff presented 30(b)(6) witnesses unprepared to discuss the seven topics listed in the Motion and therefore, Defendants' Motion to Compel a competent 30(b)(6) witness is denied.[2]

After due consideration, it is

**ORDERED**:

Defendants' Motion to Compel Discovery (Doc. 231) is **GRANTED in part and DENIED in part** as stated in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th  day of June, 2005.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[2] In the past, the Court has awarded sanctions with respect to motions to compel. The Court has refrained from doing so recently because the parties have been somewhat cooperative and have managed to resolve many discovery issues on their own. The Court was tempted to award sanctions against Plaintiff with respect to the instant motion. Had Plaintiff provided Defendants with a date by which it would produce the documents promised, much of this Motion could have been resolved. Plaintiff is strongly cautioned against failing to produce the documents by the date provided in this Order.