UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARP, a District of Columbia Corporation,

       Plaintiff,

vs.                              Case No.  3:03-cv-1033-J-99MCR

KRAMER LEAD MARKETING GROUP, a
Texas corporation, CHOICEPOINT, INC., a
Georgia corporation, and ALLYN KRAMER, an
individual,

       Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery and in

the Alternative, Request for *In Camera* Review (Doc. 274) filed June 10, 2005.

Defendants filed a response in opposition on June 24, 2005.  (Doc. 295).  Both parties

filed motions seeking to file reply and sur-reply briefs.  (Docs. 305 and 319).[1]

Accordingly, the matter is ripe for judicial review.

## I. BACKGROUND

On December 5, 2003, Plaintiff filed an action alleging violations of the Lanham

Act as well as Florida statutory and common laws.  (Doc. 1).  The complaint alleges

Defendants improperly utilized the AARP name in mailers or lead cards Defendants

sent to consumers.  Defendants sell the mailers to third parties who use them to

---

[1] The Court reviewed both the Reply and Sur-Reply briefs.  Accordingly, the parties' motions to file these briefs (Docs. 305 and 319) will be granted.

advertise their own products and services.  Plaintiff alleges the mailers cause confusion

and that individuals who received the mailers believed they came from AARP and/or

that the third parties associated with the mailers were endorsed by AARP.

In the instant Motion, Plaintiff argues that Defendants' amended privilege log

does not adequately establish that documents withheld by Defendants are protected by

either the work product doctrine or the attorney-client privilege.  (Doc. 274).

## II.  <u>DISCUSSION</u>

Motions to compel discovery under Rule 37(a) are committed to the sound

discretion of the trial court.  <u>See</u> <u>Commercial Union Ins. Co. v. Westrope</u>, 730 F.2d 729,

731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders

will be sustained absent a finding of abuse of that discretion to the prejudice of a party.

<u>See</u> <u>Westrope</u>, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the

disclosure of all relevant information so that the ultimate resolution of disputed issues in

any civil action may be based on a full and accurate understanding of the true facts, and

therefore embody a fair and just result.  <u>See</u> <u>United States v. Proctor & Gamble Co.</u>,

356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal

judicial supervision unless a dispute arises and one of the parties files a motion

requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be

practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant motion, Plaintiff claims that many of the documents withheld by

Defendants are not protected by the work product doctrine or the attorney-client

privilege as asserted by Defendants.  Alternatively, Plaintiff asks the Court to conduct an in camera review of the documents.

Plaintiff specifically takes issue with six categories of documents withheld by Defendants: (1) documents created prior to Plaintiff's October 2003 cease and desist letter; (2) documents relating to compliance with federal legislation and state regulations: (3) documents for which Defendants have failed to substantiate their claims of privilege or establish the requisite elements of the asserted privilege; (4) documents containing correspondence between low-level employees regarding lead cards and disclaimers; (5) documents containing correspondence between third-parties and Defendants or Defendants' counsel; and (6) documents sent to or received from Steve Chamberlain.  In addition, Plaintiff also claims Defendants' privilege log is not complete with respect to its time-period as it only identifies documents created between May 2003 and November 2004.  The Court will address each of Plaintiff's contentions separately.

### A.    Documents Created Prior to Plaintiff's Cease and Desist Letter

Plaintiff argues that the documents on Defendants' privilege log dated earlier than Plaintiff's Cease and Desist letter (which was sent to Defendants in early October 2003) cannot be protected by the work product doctrine.  In response, Defendants state that they have produced these documents to Plaintiff.  Accordingly, this portion of Plaintiff's Motion to Compel is denied as moot.

**B.     Documents Relating to Compliance with Legislation/Regulations**

Defendants have designated numerous documents pertaining to compliance with

federal legislation or state regulations as protected by the work product doctrine

because they were made at the direction of counsel in order to ensure that KLMG was

complying with regulations and thereby avoiding future litigation.  (Doc. 295, pp. 4-5).

Plaintiff claims that the documents were created in the ordinary course of business or

"pursuant to public requirements unrelated to litigation."  (Doc. 274, p.7).

Claims of work product immunity are governed by Rule 26(b)(3) of the Federal

Rules of Civil Procedure, which states in pertinent part:

> [A] party may obtain discovery of documents and tangible
> things otherwise discoverable ... and prepared in anticipation
> of litigation or for trial by or for another party or by or for that
> other party's representative (including the other party's
> attorney, consultant, surety, indemnitor, insurer, or agent)
> only upon a showing that the party seeking discovery has
> substantial need of the materials in the preparation of the
> party's case and that the party is unable without undue
> hardship to obtain the substantial equivalent of the materials
> by other means. In ordering discovery of such materials
> when the required showing has been made, the court shall
> protect against disclosure of the mental impressions,
> conclusions, opinions, or legal theories of an attorney or
> other representative of a party concerning the litigation.

The work product protections of Rule 26(b)(3), however, typically apply "'only to

documents prepared principally or exclusively to assist in anticipated or ongoing

litigation.'"  Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 471

(S.D.N.Y. 1993) (quoting Martin v. Valley Nat. Bank of Arizona, 140 F.R.D. 291, 304

(S.D.N.Y. 1991)).  "Documents which do not refer to work product prepared by an

attorney or other agent of a party to aid in forthcoming litigation, and which were

generated in the ordinary course of business, are discoverable." <u>Allendale Mut. Ins. Co.</u>
<u>v. Bull Data Systems, Inc.</u>, 152 F.R.D. 132, 136 (N.D. Ill. 1993).  "In limiting work
product to materials prepared 'in anticipation of litigation,' the drafters of Rule 26(b)(3)
excluded from the rule's protection '[m]aterials assembled in the ordinary course of
business, or pursuant to public requirements unrelated to litigation, or for other
non-litigation purposes.'"  Rule 26(b)(3), Fed.R.Civ.P. Advisory Committee Note.

"'The burden of establishing that a document is work product is on the party who
asserts the claim.'" <u>Freiermuth v. PPG Industries, Inc.</u>, 218 F.R.D. 694, 700 (N.D. Ala.
2003) (quoting, <u>Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury,</u>
<u>I.R.S.</u>, 768 F.2d 719, 721 (5th Cir. 1985)).  To satisfy this burden, the party asserting the
privilege must make an "evidentiary showing based on competent evidence," rather
than "mere conclusory or *ipse dixit* assertions." <u>CSX Transp., Inc. v. Admiral Ins. Co.</u>,
1995 WL 855421 *1 (M.D. Fla. 1995) (quoting, <u>Bowne</u>, 150 F.R.D. at 470) (citations
omitted)).  Here, Defendants characterize the documents at issue as "communications
between Defendants' employees, stemming from legal direction sought by and received
from Defendants' in-house counsel, pertaining to KLMG's compliance with new federal
and state regulations, such as the federal "Do Not Call" legislation."  (Doc. 295, p.4).

Based on Defendants' description of these documents, the Court finds
Defendants have failed to meet their burden of establishing that the documents were
made in anticipation of litigation.  Defendants have provided the Court with nothing to
substantiate their claim that these documents were prepared in anticipation of litigation.
<u>Auto Owners Ins. Co. v. Totaltape, Inc.</u>, 135 F.R.D. 199, 201-02 (M.D. Fla. 1990)

(holding that party resisting discovery on basis of work product failed to present affidavit or any other support for contention that documents prepared in anticipation of litigation and therefore, failed in burden).  To the contrary, based on Defendants' description of these documents, it appears these documents were made in the ordinary course of business to assess compliance with new legislation.  Accordingly, the documents withheld as being related to compliance with Federal legislation or state regulations must be turned over to Plaintiff no later than **Tuesday, August 2, 2005**.

> ### C.    Adequacy of Defendants' Privilege Log

Plaintiff also argues that Defendants' Privilege Log is insufficient because it does not adequately describe the documents for which a privilege is claimed.  Plaintiff specifically objects to Defendants' designation of documents as work product based on the following classifications A, C, D and H: "Documents Reflecting Discussions Concerning Strategy Related to AARP Litigation," "Management Update on Litigation Strategies," "Discussion Concerning Impact of AARP Litigation and its effect on Legal Strategies" and "Discussion Revealing Counsel's Directive Relating to AARP Litigation" respectively.  (Doc. 274, p.9).

As this Court has held:

> The standard for testing the adequacy of the privilege log is whether, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed. The focus is on the specific descriptive portion of the log, and not on the conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be "discharged by mere conclusory or ipse dixit assertions."

CSX Transp., Inc. 1995 WL 855421 *3 (quoting, Golden Trade S.R.L. v. Lee Apparel

Co., 1992 U.S. Dist. LEXIS 17739 at * 12-13 (S.D.N.Y. 1992)) (further citations omitted).

 The Court believes the classifications A, C and D: "Documents Reflecting Discussions

Concerning Strategy Related to AARP Litigation," "Management Update on Litigation

Strategies" and "Discussion Concerning Impact of AARP Litigation and its effect on

Legal Strategies," are sufficiently detailed to show that the referenced documents were

prepared in anticipation of litigation.

        With respect to classification H, "Discussion Revealing Counsel's Directive

Relating to AARP Litigation," the Court agrees with Plaintiff that it is too vague to

provide either Plaintiff or the Court with any means to test the work product designation.

Such a description does not establish that the documents were prepared in anticipation

of litigation rather than in the ordinary course of business.  Defendants have also failed

to produce any other sort of evidence to support their designation as work product of

documents withheld based on this classification.  Accordingly, Defendants have failed to

satisfy their burden of establishing that documents withheld based on classification H

are work product and should be required to produce the withheld documents.  However,

like the CSX  court, the undersigned is reluctant to impose such a draconian measure

upon Defendants because of the sheer number of documents that would be produced.

Thus, Defendants will be permitted a final opportunity to sufficiently establish the

application of the work product doctrine to the documents withheld under classification

H.  Defendants shall provide Plaintiff with any affidavits, deposition testimony or other

evidence necessary to establish the elements of the work product doctrine with respect

to documents withheld under classification H no later than **Monday, August 8, 2005**.

Plaintiff's counsel is then directed to meet and confer with counsel for Defendants

regarding any documents it believes are improperly withheld prior to seeking further

relief from the Court.  If such further relief is sought, Plaintiff is reminded that it must

specifically identify the documents it claims should be produced and the alleged

deficiencies in Defendants' evidentiary showing.  Any such motion must be filed no later

than **Monday, August 22, 2005**.

> **D.    Correspondence Between Low Level Employees**

Plaintiff also charges that the documents claimed as protected by the work

product doctrine under classifications E and F:  "Discussion of Changes to Lead Cards

and Disclaimer Made at Direction of Counsel in Anticipation of Litigation or Trial" and

"Discussion of Disclaimer Size Made at Direction of Counsel in Anticipation of

Litigation," have been improperly withheld.  Plaintiff claims Defendants have not

satisfied their burden of establishing that these documents are protected by the work

product doctrine.  Plaintiff points out that none of the senders or recipients of the emails

are attorneys and notes that the privilege log provides no evidence that the documents

reflect or contain an attorney's mental impressions or legal theories.  Defendants do not

provide a response to this argument.

The Court again agrees with Plaintiff.  As it is their burden to support any claim of

work product, Defendants must provide sufficient information for Plaintiff and the Court

to determine that any withheld documents meet the requirements for work product

protection.  Defendants have failed to do so.   Defendants do not provide an adequate

description of the documents and have failed to attach an affidavit or cite to any

deposition testimony to support their contention that the documents were prepared in

anticipation of litigation.  See Auto Owners Ins. Co., 135 F.R.D. at 201-02.  Accordingly,

the Court finds Defendants have failed to show that the documents withheld under

classifications E and F are protected from disclosure as work product.  Defendants may

provide supplemental evidence regarding these documents to Plaintiff as directed in

Section C above.

### E.    Correspondence With Third-Parties

Plaintiff claims Defendants have improperly withheld documents reflecting

communications between Defendants and third-parties such as customers, suppliers,

contractors, or other individuals or entities on the basis of work product.  (Doc. 274, pp.

12-13).  Specifically, Plaintiff claims documents 149, 157, 218, 261, 360, 377, 378, 410,

733, 835, 869, 2394, 2420, 2437 2441, 2521, 2815 and 3521 have been improperly

withheld on the basis of work product.  The Court will address these contentions

separately.

### 1.    Documents 377, 378, 2521 and 3521

Defendants respond that documents 377, 378, 2521 and 3521 are all copies of

an email dated January 16, 2004 from Steve Chamberlain to Defendants' executives

and legal counsel pertaining to Chamberlain's attempts to discuss settlement with AARP

after the initiation of the instant litigation and are therefore, protected as attorney-client

communications.  (Doc. 295).

Under the attorney-client privilege, confidential communications made by a client

to an attorney to seek, obtain or provide legal services are protected from disclosure.

Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569 (1976).  It is well established that

the attorney-client privilege attaches to corporations as well as to individuals.  Upjohn

Co. v. United States, 449 U.S. 383, 101 S.Ct. 677 (1981).  The attorney-client privilege

serves the important function of promoting full and frank communications between

attorneys and their clients.  See Upjohn Co., 449 U.S. at 389, 101 S.Ct. at 682.  The

attorney-client privilege applies only if:

> (1) the asserted holder of the privilege is or sought to
> become a client; (2) the person to whom the communication
> was made (a) is a member of the bar of a court, or his
> subordinate and (b) in connection with this communication is
> acting as a lawyer; (3) the communication relates to a fact of
> which the attorney was informed (a) by his client (b) without
> the presence of strangers (c) for the purpose of securing
> primarily either (i) an opinion on law or (ii) legal services or
> (iii) assistance in some legal proceeding, and not (d) for the
> purpose of committing a crime or tort; and (4) the privilege
> has been (a) claimed and (b) not waived by the client.

United States v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D. Mass.

1950).

In the instant case, Defendants contend that Chamberlain was acting as an

agent for ChoicePoint in his attempts to settle the instant litigation.  The Court

recognizes that communications between an agent of a corporation and employees or

attorneys of the corporation may be protected as attorney-client communications if for

the purpose of seeking legal advice.  However, the Court is unable to make that

determination based on the evidence before it.  Because of the importance of the

attorney-client privilege and the Court's decision to permit Defendants to provide

Plaintiff with evidence supporting their work product claims, the Court will allow

Defendants to provide Plaintiff with evidence supporting the claim of attorney-client

privilege with respect to documents 377, 378, 2521 and 3521.

### 2.   Document 410

Document 410 is an email from Defendants' outside counsel, Faith Gay, to two

individuals at ChoicePoint and is titled "AARP Litigation/Status.  The Court is

comfortable that this email is protected by the attorney-client privilege.

### 3.   Document 733

Document 733 is an email from Kristy Lutz Ulmer at Bright Impact to two

employees at ChoicePoint.  Defendants claim the email is work product under the

classification "Documents Relating to Compliance with Federal Legislation or State

Regulations Made at Direction of Counsel."  Defendants do not address this document

in their response to Plaintiff's Motion to Compel.  As stated above, Defendants have not

met their burden in showing this document to be made in anticipation of litigation and

therefore, Defendants must produce this document no later than **Tuesday, August 2,**

**2005**.

### 4.   Document 835

Document 835 is an email from Scott Lunt, an employee at ChoicePoint, to Cathy

Weaver, another employee at ChoicePoint, entitled "Living trust ideas w/ attached

copies of draft of mailer."  Defendants have labeled the document as work product

under the category, "AARP Research Made in Anticipation of Litigation or Trial on

Behalf of Counsel." However, Defendants have again failed to make a sufficient

showing that the document was created in anticipation of litigation and therefore, the

Court will require it to be produced no later than **Tuesday, August 2, 2005**.

      5.    **Document 2815**

Document 2815 is an email dated January 9, 2004 entitled "Re: Long Term

Care." Defendants claim that it is from a ChoicePoint employee to various of

Defendants' employees and that no third-parties are involved. Defendants have labeled

the document as work product under the category, "Discussion of Changes to Lead

Cards and Disclaimer Made at Direction of Counsel in Anticipation of Litigation or Trial."

As stated above, Defendants may produce evidence to Plaintiff regarding their

designation of this document as work product.

      6.    **Documents 149, 157, 218, 261, 360, 869, 2394, 2420, 2437 and 2441**

Plaintiff claims that all of these documents are email correspondence between

Defendants' counsel and a third-party and therefore, are not protected by the attorney-

client privilege. Defendants respond that these documents are indeed protected by the

attorney-client privilege. Specifically, Defendants state that documents 149, 157, 218,

261, 360, 869, 2394 and 2437 are all emails to Defendants' in-house counsel from a

subscription healthcare news service and reflect research pertaining to this litigation.

The Court agrees that such information would be protected from disclosure by the

attorney-client privilege. Nguyen v. Excel Corp., 197 F.3d 200, 206 (5th Cir. 1999)

(citing, Chaudhry v. Gallerizzo, 174 F.3d 394, 402-03 (4th Cir. 1999) (holding that the

attorney-client privilege protects against the disclosure of confidential information

regarding legal advice, including the identity of the federal statutes researched by the attorney), cert. denied, 528 U.S. 891, 120 S. Ct. 215 (1999) and United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (holding that the attorney-client privilege protects against the disclosure of the "specific nature of the services provided, such as researching particular areas of law").  Accordingly, Plaintiff's Motion to Compel these documents will be denied.

Defendants state that document 2420 is an email from one of Defendants' outside legal counsel to various of Defendants' in-house and outside legal counsel as well as an agent of one of the attorneys.  Thus, Defendants contend the email has not been distributed to any third-party and the privilege has not been waived.  Again, the Court agrees and will not order production of this document.

Finally, Defendants claim document 2441 is an email between two of Defendants' in-house legal counsel/representatives and that no outside third-parties are involved. Therefore, Plaintiff's argument that the attorney-client privilege has been waived must fail and the Court will not order disclosure of this document.

### F.    Time Period for Privilege Log

Plaintiff points out that Defendants' Amended Privilege Log only identifies documents created between May 2003 and early November 2004 and its discovery requests covered the time period from 1999 to the present.  Defendants respond that their log is complete and state that they "are aware of their continuing obligation to update discovery and will produce any additional documents or amendments to [their]

privilege log accordingly." (Doc. 295, p.10).  As such, the Court denies Plaintiff's Motion

to Compel insofar as it deals with the time period of the Amended Privilege Log.

> **G.     The Documents Addressed in Plaintiff's Reply Brief**

In its Reply Brief, Plaintiff contends that documents 2302, 2303, 2304 and 2224

were improperly withheld by Defendants.  Plaintiff asserts that these documents were

inadvertently produced to Plaintiff during discovery.  In the Amended Privilege Log,

Defendants designated these documents as work product under the category,

"Discussion of Changes to Lead Cards and Disclaimer Made at Direction of Counsel in

Anticipation of Litigation or Trial."  Plaintiff argues that after reviewing these documents,

it is clear that they are not protected by the work product doctrine.  Plaintiff does not

argue that the work product protections have been waived by the inadvertent disclosure.

Defendants respond that the documents were correctly designated as work

product.  Defendants state that documents 2302 - 2304 are email correspondence

between employees of Defendants "regarding the implementation of the decision made

by KLMG's lawyers to direct KLMG to remove 'AARP' citations from the KLMG lead

cards while its lawyers were evaluating the merit of Plaintiff's claims." (Doc. 319, Ex. 1,

p. 3).  Defendants claim that the emails reflect counsel's directive to remove the AARP

citation, how to communicate that directive to clients and how KLMG should deal with

the existing inventory containing reference to AARP.  Therefore, Defendants take the

position that the emails reflect litigation strategy implemented by KLMG in response to

the suit filed by Plaintiff.

As for document 2224, Defendants claim this email also represents work product. It is an email from an employee at ChoicePoint to an employee at KLMG regarding lead cards and whether they will contain a reference to AARP in the future.  Defendants again argue that the email reflects the direction from KLMG's attorneys to use certain language in the lead cards rather than directly referring to AARP.  Defendants assert that this directive was given by the lawyers while they evaluated the merits of Plaintiff's claims and therefore is protected work product.

The Court has reviewed the emails attached to Defendants' sur-reply. Defendants also provided deposition testimony from Prescott Mills Wheeler, one of Defendants' 30(b)(6) witnesses, indicating that Defendants redesigned numerous lead cards at the request of legal counsel because of the instant litigation.  (Doc. 319, Ex. B). Here, however, the emails at issue were not created by an attorney or by anyone acting at the request of an attorney.  Rather, documents 2302 - 2304 were generated in response to a complaint by a customer in the regular course of business.  They are communications between employees about how to address the complaint.  While the documents were generated after the initiation of the instant litigation, they address how the business would be conducted rather than how the litigation would be conducted. Despite Defendants' claims to the contrary, the emails do not reveal any opinions or strategies by lawyers.  Document 2224 seems to be a closer question, however, Defendants have not asserted that the Bryan referenced in the email is an attorney. Accordingly, the undersigned finds Defendants have failed to show that these documents are protected by Rule 26(b)(3).  If it has failed to return the documents,

Plaintiff is permitted to retain copies of them.  If the documents have been returned to Defendants, Defendants are directed to produce copies to Plaintiff no later than **Tuesday, August 2, 2005**.

### H.    *In Camera* Review

In the alternative, Plaintiff requests the Court conduct an *in camera* inspection of the documents at issue in the motion.  The Court does not believe such is necessary in this case.

Accordingly, after due consideration, it is

**ORDERED**:

1.    Plaintiff's Motion to Compel Discovery and in the Alternative, Request for *In Camera* Review (Doc. 274) is **GRANTED in part and DENIED in part** as discussed in the body of this Order.

2.    The parties' motions to file a Reply and Sur-Reply brief (Docs. 305 and 319) are **GRANTED**.  The Clerk is directed to file the briefs attached to Plaintiff's Motion for Leave to File a Reply (Doc. 305) and Defendants' Motion for Leave to File a Sur-Reply (Doc. 319).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __26th__ day of July, 2005.

*Monte C. Richardson*
_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record