UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARP, a District of Columbia Corporation,

    Plaintiff,

vs.                                                             Case No. 3:03-cv-1033-J-99MCR

KRAMER LEAD MARKETING GROUP, a
Texas corporation, CHOICEPOINT, INC., a
Georgia corporation, and ALLYN KRAMER, an
individual,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery and in the Alternative, Request for *In Camera* Review (Doc. 274) filed June 10, 2005. On July 26, 2005, the undersigned entered an Order granting in part and denying in part the Motion to Compel. (Doc. 346). Plaintiff filed objections to that Order and raised new arguments regarding classifications A, D and G of Defendants' Amended Privilege Log. In order to address these new arguments and to obtain some consistency in the rulings, the undersigned requested the District Judge to recommit the issues involving classifications A, D and G. (Doc. 366). On August 26, 2005, the District Judge granted that request. (Doc. 369).

      In its Motion to Compel, Plaintiff argued Defendants' Privilege Log was insufficient because it failed to substantiate Defendants' claim that many documents were protected by the work product doctrine. (Doc. 274, pp. 8-10). Specifically, Plaintiff

objected to the documents withheld under classifications A, C, G and H: "Documents Reflecting Discussions Concerning Strategy Related to AARP Litigation," "Management Update on Litigation Strategies," "Discussion Concerning Impact of AARP Litigation and its effect on Legal Strategies" and "Discussion Revealing Counsel's Directive Relating to AARP Litigation" respectively.  (Doc. 274, p.9).  Plaintiff argued these classifications did not sufficiently establish that the documents were prepared in anticipation of litigation rather than in the ordinary course of business.  (Doc. 274, p.10).  Plaintiff did not raise any issues with respect to classification D.  In the July 26, 2005 Order, the Court held that classifications A, C and G were sufficiently detailed to show that the documents withheld were prepared in anticipation of litigation.  (Doc. 346, p.7).

In its Objections to the July 26, 2005 Order, Plaintiff argues that classifications A, D and G are not sufficient to satisfy the work product doctrine because, among other things, the documents were created by low-level employees.  (Doc. 354).  The Court agrees with Plaintiff that in order for a document to be protected by the work product doctrine, it must be shown that the document was created by a party or that party's representative (i.e. attorney or agent of attorney) in anticipation of litigation.  Defendants have not satisfied this burden.

Again, the Court will decline Plaintiff's invitation to conduct an *in camera* inspection of the documents at issue.  Instead, the Court will allow Defendants a final opportunity to provide Plaintiff with proof supporting their claim that the documents withheld pursuant to classifications A, C and G are protected by the work product doctrine.  Defendants shall provide Plaintiff with any affidavits, deposition testimony or

other evidence necessary to establish the elements of the work product doctrine with respect to documents withheld under classifications A, C and G no later than **Monday, September 12, 2005**.  Plaintiff's counsel is then directed to meet and confer with counsel for Defendants regarding any documents it believes are improperly withheld prior to seeking further relief from the Court.  If such further relief is sought, Plaintiff is reminded that it must specifically identify the documents it claims should be produced and the alleged deficiencies in Defendants' evidentiary showing.  Any such motion must be filed no later than **Friday, September 23, 2005**.

Defendants should be mindful that if any of the documents being withheld simply deal with company policy or business operations, even if the policy or operation had its origin in the advice of counsel, such documents will be ordered produced.  See Bank of New York v. Meridien Biao Bank Tanzania Ltd., 1996 WL 474177 *2 (S.D.N.Y. 1996) (holding that "a document is not subject to the work product doctrine when it relates to business operations, even if those operations are shaped by the threat of litigation.").  Accordingly, Defendants are cautioned to produce all documents which they cannot prove should be protected by the work product doctrine.  The Court will not hesitate to sanction either party for taking an unreasonable position.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  31st  day of August, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record